Reade, J.
1. The petitioner alleges that, in fact, the notice set out was never served on him.
The notice is returned by the sheriff “ executed,” and the decree sets forth that it satisfactorily appeared to the court that notice had been served, and the petitioner offers no proof. There is, therefore, no ground for this complaint. Indeed, this court could not review the finding of the Judge below, as set forth in the decree, that notice had been given.
2. The petitioner insists that the court had no power to render the decree.
The Supreme and other courts ordering a judicial sale, or having possession of the bonds which may have been taken on such sales, may, on motion, after ten days’ notice thereof in writing, enter judgment, as soon as the money may become due, against the debtors, or any of them, &c. Rev. Code, c. 31, s. 129.
It was under that statute that the decree was entered; and in terms it certainly authorizes it. But it is insisted that the statute is unconstitutional, because it contravenes the right of trial by jury.
The Declaration of Rights provides: That in all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the people, and ought to remain sacred and inviolable.
What controversy did the petitioner have which he had the right to have determined by a jury ?
In a proper proceeding for the purpose, the Court of Equity had ordered the sale of property, and he became the purchaser at a certain price, and promised to pay the amount at a given day. He failed to pay, and the court had the power to attach him for a contempt for not paying. The proceedings of the court would be obstructed'-without end, if, in attempting to enforce its judgments and decrees, the person against whom they are to be enforced could stop the *82 proceedings until he could make up a controversy with the court and have it tried by a jury.
So, in this case, certain persons sought the aid of the Court of Equity to sell their property; the court ordered the sale, and the petitioner bought, and now seeks to stay the proceedings of the Court of Equity in that case, until another suit can be instituted against him, in which a jury can determine whether he ought to pay. The constitutional provision was certainly never intended to apply to a case like this.
As a substitute for an attachment by which a Court of Equity can enforce all its decrees, a milder remedy is provided in the aforesaid statute, by notice and judgment on motion. And that statute is not unconstitutional.
3. The petitioner objects that the notice to him was in the name of G. B. Barnes, who was Clerk and Master at the time notice was issued, whereas his bond was given to W. W. Peebles, Clerk and Master at the time of the sale.
There is no force in the objection. If the proceeding against the petitioner had been by suit on his bond, which was payable to W. W. Peebles, Clerk and Master, it may be that it would have been necessary to sue in the name of W. W. Peebles, and not in the name of the new Clerk and Master; but we do not decide the question, and such is not the inclination of our opinion. And the statute, Rev. Code, c. 13, s. 11, authorizes a suit upon such bonds in the name, of the State, which would, therefore, be the most safe practice where a suit is instituted at all. But in this case the proceeding is presumed to be at the instance of the court itself, in a cause pending before it.
Notice is given to the defendant, that the court will render judgment against him in the cause then pending before it, if he fail to pay for the property which the court ordered to be sold. And the decree is neither in favor of the old nor the new Clerk and Master, but “ that he pay into the office of the Clerk and Master,” &c.
*83 We concur with his Honor in the court below, that the petition ought to be dismissed, with costs.
Per Curiam.
Petition dismissed.